NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0570n.06

No. 16-1052

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 13, 2016
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| STEVEN ROBINSON, | ) |
| | ) |
|     Plaintiff-Appellant, | ) |
| | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| ROBERTS HOTELS MANAGEMENT | ) MICHIGAN |
| DETROIT, LLC; MICHAEL V. ROBERTS, | ) |
| JR., | ) |
| | ) |
|     Defendants-Appellees. | ) |

BEFORE: MERRITT, ROGERS, and KETHLEDGE, Circuit Judges.

ROGERS, Circuit Judge. Steven Robinson has sued his former employer, Roberts Hotels, for unpaid overtime under the Fair Labor Standards Act. After conducting a bench trial, the magistrate judge concluded that Robinson failed to produce sufficient credible evidence to prove that he worked overtime hours. Because Robinson relied primarily on his own testimony, which the magistrate judge found not credible, and because Robinson's testimony contradicted his own documentary evidence, the magistrate judge did not clearly err.

From September 24, 2012, until July 10, 2014, Stephen Robinson worked for Roberts Hotels Management Detroit ("RHMD") as a maintenance worker at the Roberts Riverwalk Hotel. R. 28, PageID #164. Although RHMD now stipulates that Robinson was not a salaried employee, and therefore agrees that Robinson was subject to FLSA's overtime requirements, R. 32, PageID #180, RHMD did not contemporaneously record how many hours Robinson worked per week because RHMD considered Robinson a salaried employee at the time, R. 28,

PageID #164–65.  After his termination, Robinson sued RHMD,[1] alleging that he worked an average of fifty-two hours per week throughout his employment, R. 1, PageID #3, and that RHMD failed to pay him for the overtime hours, violating the Fair Labor Standards Act ("FLSA"), *id.*; *see* 29 U.S.C. § 207(a).  The parties consented to bench trial by a magistrate judge.  R. 13.

At trial, Robinson failed to prove that he worked overtime.  To recover unpaid overtime compensation under the FLSA, the employee "must prove, by a preponderance of the evidence, that he 'performed worked for which he was not properly compensated.'"  *Moran v. Al Basit LLC*, 788 F.3d 201, 205 (6th Cir. 2015) (quoting *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687 (1946)).  The employee must satisfy that burden even where, as here, the employer has failed to record hours as required by the FLSA.  *See Mt. Clemens Pottery Co*., 328 U.S. at 687.  Robinson did not carry that burden because, as the magistrate judge noted, Robinson "made bare-bones evidentiary presentations."  R. 28, PageID #163.  In total, Robinson offered his own testimony, his wife's testimony, and his barely legible handwritten notes of what work he did on which days.

While Robinson testified that he worked ten-hour days on five or more days per week, his testimony was weak.  For example, he testified that he worked Wednesdays through Sundays, R. 32, PageID #214, but his own notes showed that he worked Tuesdays through Saturdays, *see* R. 24-2.  On appeal, Robinson brushes off the contradiction as "confusion while on the witness stand."  Robinson Brief at 20.  While the cause of the contradiction may indeed be Robinson's temporary confusion, it may also be Robinson's defective memory, desire to inflate hours, or attempt to fabricate a story.  The most likely explanation depends partially on Robinson's

---

[1] Robinson also sued RHMD's agent, Michael V. Roberts, Jr., but abandoned his claims against Roberts before trial. R. 28, PageID #163 n.1.

demeanor on the witness stand, which the magistrate judge could observe, but which we cannot. The magistrate judge cited this inconsistency and other questionable aspects of Robinson's testimony, R. 28, PageID #167 n. 8, and concluded that Robinson's testimony was "simply not credible." R. 28, PageID #168. That conclusion receives "substantial deference." *United States v. Aloi*, 9 F.3d 438, 440 (6th Cir. 1993).

Ms. Robinson's testimony hardly added anything. She testified, as Mr. Robinson testified, that Mr. Robinson typically worked three weekdays: Wednesdays, Thursdays, and Fridays. R. 32, PageID #267. But Mr. Robinson's notes indicated otherwise. *See* R. 24-2. She also testified that Mr. Robinson was called to work beyond his shift "all the time." R. 32, PageID #267. But Robinson's notes only showed a handful of weeks in which he worked more than five days. *See* R. 24-2. For those reasons, the magistrate judge found Ms. Robinson's testimony to be "not credible." R. 28, PageID #169. That determination, too, receives "substantial deference." *Aloi*, 9 F.3d at 440.

Robinson's handwritten notes were incomplete, often illegible, and silent on the most critical issues. At trial, Robinson's counsel stipulated that the notes never stated, "[M]anager asked me to stay late" or "Manager asked me to come in," and also stipulated that the notes did not specify otherwise that "any manager . . . made a specific request" to Robinson to work off-shift. R. 32, PageID #238.[2] Furthermore, while the notes stated the days on which Robinson worked, and while they generally specified the time when Robinson reported to work, they never specified when Robinson left work. *See* R. 24-2; R. 34; R. 35. Even if they are unconditionally

---

[2] Contrary to that stipulation, Robinson's handwritten notes do indicate that RHMD asked Robinson to come in to work on non-work days on at least October 29, 2012, December 11, 2012, January 21, 2013, May 13, 2013, and April 21, 2014. R. 34, PageID #439, #478; R. 35, PageID #512, #526, #537. However, the stipulation controls. *Christian Legal Soc. Chapter of the University of California v. Martinez*, 561 U.S. 661, 677 (2010) (quoting 83 C.J.S., Stipulations § 93 (2000)) ("[Factual stipulations are] binding and conclusive . . . , and the facts stated are not subject to subsequent variation. So, the parties will not be permitted to deny the truth of the facts stated, . . . or to suggest, on appeal, that the facts were other than as stipulated . . . .").

believed, the notes therefore fail to prove that Robinson worked more than forty hours in any week. Lastly, while the notes show that Robinson worked more than five days per week on some weeks, *see* R. 24-2, they also show that Robinson sometimes came in late to work to compensate himself for the additional hours he had worked on previous days. The magistrate judge noted one such entry in Robinson's notes. R. 28, PageID #167 n. 8 (quoting R. 35, PageID #513). There are at least four more. *See* R. 35, PageID #500 ("10/1[/2012] Reported for duty @0800 for 0700 – 1500 1hr difference due to coming in on 9/29 to finish repairing kitchen freezer fan."); *id.* at PageID #508 ("10/20[/2012] Reported for duty @ 0900 due to Eagle breaking down (Timing belt) issues + comp time."); *id.* at PageID #512 ("10/30[/2012] Reported for duty @0900 from comp. time."); *id.* at PageID #513 ("10/31[/2012] Reported for duty @1000 after calling Mr. J. Robinson about comp. time. Upon arrival Mr. J. Robinson informed me that they handle comp time differently around this facility which we had [illegible] of [illegible] communication from using it as you go along. Then we discussed Ms. S. Donaldson['s] feelings on this issue . . . .").

Robinson's other arguments on appeal are unconvincing. While Robinson argues that the district court erred by "requiring" Robinson to prove specific weeks in which Robinson worked overtime, Robinson Brief at 29, the district court required no such proof. At trial, Robinson maintained that he worked overtime "pretty much every week," R. 32, PageID #228, and when pressed to specify a particular week, Robinson responded that he could not pinpoint "right off hand" a specific week, *id.* at PageID #229. In its opinion, the district court found that Robinson "was unable to identify any specific workweek during which he worked more than forty hours." R. 28, PageID #167. Robinson's testimony may have been more credible if he had testified, for example, that he recalled particularly busy weeks in which particular problems forced him to stay at work beyond his normal shifts. The district court found that Robinson did not so testify.

But by finding that, the district court did not require Robinson to catalogue specific weeks when he worked overtime. The district court correctly stated that Robinson's burden was to "prove[] that he has in fact performed work for which he was improperly compensated," not to prove that he worked those improperly-compensated hours on specified weeks. R. 28, PageID #170.

Similarly, while Robinson also argues that the district court erred by "requiring" Robinson to produce various pieces of evidence, Robinson Brief at 29–32, the district court required no such thing. The district court noted that Robinson failed to produce several pieces of evidence that would have strengthened Robinson's case. R. 28, PageID #167–68. But to note the lack of certain pieces of supporting evidence is not to have required production of those specific pieces of evidence. Robinson had the burden of proof. A district court may point to missing evidence to explain why Robinson failed to carry the burden, without implying that Robinson's proof must have included those missing pieces.

There are no grounds for reversal in this case. The district court concluded that Robinson "has failed to prove by a preponderance of the evidence that RHMD violated the FLSA." R. 28, PageID #172. The district court found Robinson's testimony and his wife's testimony not credible. *Id.* at PageID #168, 169. The district court also found Robinson's notes incomplete and inconsistent with the testimonies. *Id.* at PageID #165, 167. Giving "substantial deference" to the district court's determination that Mr. Robinson's testimony and Ms. Robinson's testimony were not credible, *Aloi*, 9 F.3d at 440, the district court's conclusion is eminently plausible. "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985).

The district court's judgment is affirmed.